## UNITED STATES DISTRICT COURT
### District of New Jersey

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

## NOT FOR PUBLICATION

LETTER-OPINION & ORDER

September 6, 2006

Agnes S. Wladyka, Esq.
Abromson & Carey, Esqs.
10 Park Place
5th Floor
Newark, NJ 07102

Kristina Cohn, Esq.
Special Assistant U.S. Attorney
c/o Social Security Administration
Office of General Counsel
26 Federal Plaza, Room 3904
New York, NY 10278

> **Re:** **Alfredo Villafuerte, Jr. v. Commissioner of Social Security**
> **Civil Action No.: 05-4386 (JLL)**

Dear Counsel:

Presently before this Court is Plaintiff Alfredo Villafuerte, Jr.'s (hereinafter the "Plaintiff") Complaint seeking a review of a final determination of the Commissioner of Social Security (hereinafter the "Commissioner"). The issue to be decided is whether the Commissioner's decision to deny Plaintiff's application for disability insurance benefits and supplemental security income payments from October 18, 2001, the date of his alleged disability onset, through April 8, 2005, the date of Administrative Law Judge Richard L. De Steno's decision, is supported by substantial evidence. The Court has jurisdiction to review this matter under section 405(g) and decides this matter after having considered the papers submitted by the parties, as well as the oral argument of the parties held on May 8, 2006. For the reasons set forth below, this Court concludes that the Commissioner's determination is not supported by substantial evidence and is hereby reversed and remanded.

-1-

## BACKGROUND FACTS

### A.    Plaintiff's Personal and Medical History

As this Court writes only for the parties, who have comprehensively detailed the facts of this case in their briefs, the Court provides only a brief summary of the facts at the outset and will discuss the relevant facts in more detail in the discussion.  At the time of the hearing, Plaintiff was twenty four years old.  He has a high school education and semi-skilled past work experience.  Plaintiff alleges that he has been disabled since October 18, 2001 as the result of an automobile accident which injured his back and both knees.

Despite the ALJ's brief synopsis of Plaintiff's medical history, the record reveals that Plaintiff's medical records provide greater detail and more history than that recited by the ALJ.  The record contains Plaintiff's medical records covering the periods from:

- October 18, 2001 to October 19, 2001 from Columbus Hospital (R.100-113);

- January 31, 2002 to July 1, 2002 from St. Joseph's Hospital and Medical Center (R. 114-152);

- August 6, 2002 to December 30, 2002 and January 20, 2003 to February 5, 2003 from Passaic Beth Israel Hospital (R. 153-167);

- October 22, 2001 to December 12, 2001, January 4, 2002 to December 17, 2002, and February 25, 2003 from Sall/Myers Medical Associates (R. 168-233); and

- February 6, 2003 to May 29, 2003 and September 22, 2003 from Jeffrey Fossati, MD (R. 244-250, 262-265).

The record also contains the following consultative examinations:

- May 7, 2003 by Lewis Saperstein, MD and Pesho Kotval, MD (R. 234-238); and

- May 22, 2003 by David Rubinfeld, MD (R. 239-243).

These records demonstrate that Plaintiff has undergone multiple surgeries on both knees.  He continues to have pain in his knees and he walks with the aid of a cane and knee braces.  Despite these assistive devices he walks with a limp favoring his left side.  He has been treated for pain management, including trigger point injections, in his back.  Despite twenty one Epidural injections to his back he continues to have pain.  Dr. Saperstein opined that Plaintiff had musculoskeletal strain/sprain to the thoracic and lumbar spine, and he would be moderate to severely limited from activities that required bending, stooping and kneeling.  He also opined that Plaintiff would be mildly to moderately limited from activities that required standing or walking for any length of time and also would be severely limited from any activities that required him to walk without the assistance of a cane.  Plaintiff has also complained of right shoulder pain, and examination revealed the right shoulder to be held lower than the left shoulder

with reduced range of motion.

### B.   <u>Procedural History</u>

Plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income Benefits on February 26, 2003 and October 14, 2004, alleging disability since October 18, 2001, and was denied initially and on reconsideration.  Plaintiff requested a hearing and this was held on March 3, 2005 in Newark, New Jersey at which only Plaintiff testified.  On April 8, 2005, the ALJ issued an unfavorable decision finding Plaintiff not disabled.

The ALJ made the following findings:

1.   The claimant meets the non-disability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(I) of the Social Security Act and is insured for benefits through the date of this decision.

2.   The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3.   The claimant's bilateral knee injuries, and thoracic and lumbar strain sustained in a motor vehicle accident are considered "severe" based on the requirements in the Regulations 20 CFR §§ 404.1520(c) and 416.920(c).

4.   These medically determinable impairments do not meet or medically equal any of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.

5.   I have carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 CFR § 404.1527 and 20 CFR § 416.927).

6.   I find that the claimant's subjective complaints of pain, symptoms, and limitation not totally credible for the reasons set forth in the body of the decision.

6.   At all material times, the claimant retained the residual functional capacity to perform a full range of sedentary work.

7.   The claimant is unable to perform any of his past relevant work (20 CFR §§ 404.1565 and 416.965).

8.   The claimant is a "younger individual ages 18-44" (20 CFR § 404.1564 and 20 CFR § 416.963).

9.   The claimant has a high school education" (20 CFR § 404.1564 and 20 CFR § 416.964).

-3-

10. The claimant has a semi-skilled work background.

11. Based on an exertional capacity for sedentary work, and the claimant's age, education, and work experience, a finding of "not disabled" is directed by Medical-Vocational Rule 201.28.

12. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 416.920(f)).

(R. 21-22) (the original is exactly as set forth above with two lines labeled number six).

Specifically, with regard to steps two and three, the ALJ stated:

the evidence establishes the existence of a "severe" impairment involving bilateral knee injuries, and thoracic and lumbar strain and sprain sustained in a motor vehicle accident, but does not disclose any medical findings which meet or equal in severity the clinical criteria of any impairment listed in Appendix 1, Subpart P to Regulations No. 4.

(R. 18-19).  The ALJ considered each of Plaintiff's impairments under listings 1.02, 1.03, and 1.04, and found the requirements not to have been met.  (R. 19).  He also found Plaintiff's subjective complaints of disabling pain and other symptoms and limitations to not be credible. (Id.).  The ALJ noted that Plaintiff was not taking pain medication and had not had any emergent hospital care for his pain symptoms.  (R. 20).  In addition, the ALJ accorded minimal weight to the extensive reports provided by the treating physicians at Sall/Myers because they "are rather rambling and are replete with speculation regarding the claimant's injuries and their impact without significant support for many aspects of the assessments . . . ."  (R. 21).

At steps four and five, the ALJ found that the Plaintiff was not capable of performing his past relevant work as a Hi-lo operator and warehouse laborer, but that he can perform the full range of sedentary work.  (Id.).

Plaintiff requested a review by the Appeals Council which was denied on August 19, 2005.  The exceptions argued by Plaintiff's counsel consisted of the following relevant remarks:

Claimant's symptoms include swelling, pain, restricted range of motion to both knees and back, diminished range of motion of the right shoulder, decreased strength, and altered gait.  The claimant does not assert that he is totally disabled based on his orthopaedic alone nor that any of his individual impairments meet a List Impairment but rather, that in combination [he] is unable to work.  See Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999).

The decision cites the regulatory standard for evaluating subjective complaints but does not explain how it was applied to the facts in this particular case.

The RFC is simply conclusory without any rationale or reference to the supporting evidence. . . .

Further, the presence of significant non exertional limitations affect the occupational base at a given exertional level and require a VE's opinion.

(R. 278-279).

Plaintiff timely filed an appeal to this Court of the ALJ's decision.  Plaintiff filed his Complaint on September 8, 2005.  At the hearing before the ALJ and on appeal, Plaintiff has been represented by the law firm of Abromson & Carey.

## STANDARDS

### A.   Disability Defined

Under the Social Security Act, a claimant must demonstrate that she is disabled based on an "inability to engage in any substantial gainful activity ("SGA") by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §1382c(a)(3)(A).  A person is disabled for these purposes only if her physical or mental impairments are "of such severity that [she] is not only unable to do [his] previous work, but cannot, considering [his] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."  42 U.S.C. § 1382c(a)(3)(B).

Social Security Regulations set forth the following five-step, sequential evaluation procedure to determine whether a claimant is disabled. 20 C.F.R. § 4404.1520(a)(4):

(4) The five-step sequential evaluation process. The sequential evaluation process is a series of five "steps" that we follow in a set order. If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step. If we cannot find that you are disabled or not disabled at a step, we go on to the next step. Before we go from step three to step four, we assess your residual functional capacity. (See paragraph (e) of this section.) We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps. These are the five steps we follow:

(I) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. (See paragraph (b) of this section.)

(ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not

-5-

disabled. (See paragraph (c) of this section.)

(iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled. (See paragraph (d) of this section.)

(iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. (See paragraph (f) of this section and § 404.1560(b).)

(v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. (See paragraph (g) of this section and § 404.1560(c).)

## B.    <u>Burdens of Proof</u>

The five-step sequential evaluation involves shifting burdens of proofs.  <u>Wallace v. Secretary of Health & Human Servs.</u>, 722 F.2d 1150, 1153 (3d Cir. 1983).  The claimant has the burden of establishing at step one that she has not engaged in "substantial gainful activity" since the onset of the alleged disability and at step two that she suffers from a "severe impairment" or "combination of impairments."  20 C.F.R. § 404.1520(a)-(c).  If the claimant establishes the initial burdens, she must next demonstrate step three that her impairment is equal to or exceeds one of the impairments listed in Appendix 1 of the regulations.  20 C.F.R. § 404.1520(d).  If she makes this showing then she is presumed disabled.  If she cannot show this, then at step four she must show that her residual functioning capacity ("RFC") does not permit her to return to her previous line of work.  20 C.F.R. § 404.1520(e).  If the claimant cannot show this, then in the final step, step five, the burden shifts to the Commissioner to demonstrate that the claimant can perform other substantial gainful work.  20 C.F.R. § 404.1520(f).  Note that the burden only shifts to the Commissioner at step five.  If the Commissioner cannot meet this burden, the claimant shall receive benefits.  "For each of the first four prongs, a finding of 'not disabled' will end the inquiry; otherwise the inquiry will proceed to the next level."  <u>Alexander v. Shalala</u>, 927 F. Supp. 785, 792 (D.N.J. 1995).

## C.    <u>Standard of Review</u>

The main issue before this Court is whether the ALJ's determination to deny disability benefits is supported by substantial evidence.  42 U.S.C. §§ 405(g) and 1383(c)(3).  Substantial evidence is more than a "mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Richardson v. Perales</u>, 402 U.S. 389, 401

(1971).  Substantial evidence may be slightly less that a preponderance.  Hanusiewicz v. Bowen, 678 F. Supp. 474, 476 (D.N.J. 1988).

The reviewing court has a duty to review the evidence in its totality and reviews whether the Commissioner's determination was reasonable.  See Daring v. Heckler, 727 F.2d 64, 70 (3d Cir. 1984).  The Commissioner has a duty to facilitate the court's review: "[w]here the [Commissioner] is faced with conflicting evidence, [she] must adequately explain in the record his reasons for rejecting or discrediting competent evidence."  Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986).  The reviewing court gives deference to the administrative decision, but the court has a duty nonetheless to scrutinize the entire record to determine whether the ALJ's findings are rational and supported by substantial evidence.  See Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978).  The district court however, is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder."  Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992).

## DISCUSSION

The Court begins the five-step process to determine whether a plaintiff is disabled by first determining if the plaintiff has established that he or she is presently not working.  20 C.F.R. § 404.1520.  The ALJ's finding that the Plaintiff was not employed is not in dispute.

Steps two and three require analysis of similar facts and issues, therefore they may be analyzed together.  In the second step, the ALJ determines whether the plaintiff suffers from a severe impairment. 20 C.F.R. § 404.1520(b).  If so, the ALJ must determine if the plaintiff's impairment can be found in the "Listing of Impairments" located in 20 C.F.R. § 404, Subpart P, Appendix 1.  In the third step, if the impairment is found to be one of those listed, or is found to be the equivalent of a listed impairment, the plaintiff is automatically deemed disabled.  20 C.F.R. § 404.1520(e).

Here, Plaintiff challenges the ALJ's findings at step three for a couple reasons.  First, he argues that the ALJ failed to give credence to his subjective complaints.  Second, he argues that the ALJ improperly made the conclusory statement that Plaintiff did not meet a Listed Impairment without providing a thorough discussion of the evidence.  Plaintiff specifically challenges the ALJ's failure to find him per se disabled under 1.02 Major dysfunction of a joint(s) (due to any cause) for his knee impairments.  Lastly, the ALJ did not discuss the combination of Plaintiff's medical conditions and whether they would meet or equal a listing when considered in combination.

With respect to Plaintiff's argument that the ALJ failed to give credence to his subjective complaints, this Court disagrees.  In finding his subjective complaints not entirely credible, the ALJ examined the relevant medical evidence, and heard the Plaintiff's testimony.  In addition to the medical evidence, the ALJ may consider the following factors in deciding the Plaintiff's credibility: (1) daily activities; (2) duration, location, frequency, and intensity of the pain and

other symptoms; (3) precipitating and aggravating factors; (4) medication taken to alleviate pain or other symptoms; (5) treatment other than medication; (6) any other measure used to relieve the symptoms; and (7) other factors concerning functional limitations or limitations due to pain or other symptoms.  20 C.F.R. § 416.929(c)(3)(I)-(vii).  In considering the medical evidence, the testimony of Plaintiff, and these additional factors, he concluded that, although Plaintiff did suffer from pain and discomfort, the extreme extent of the subjective complaints of pain were "far in excess of what could reasonably be expected from his medical condition and the objective medical evidence."  (R. 20).  The ALJ summarized the medical reports demonstrating improvement in the Plaintiff's medical condition and also noted that Plaintiff testified that he did not take pain medication and had not sought treatment in an emergency room for pain exacerbation.  (Id.).  In short, substantial evidence supports the ALJ's findings with respect to Plaintiff's subjective complaints.

The Court now turns to Plaintiff's argument that the ALJ improperly made the conclusory statement that Plaintiff did not meet a Listed Impairment without providing a thorough discussion of the evidence.  The Court agrees that the ALJ did not perform a thorough analysis, however the Court is able to juxtapose his recitation of the evidence and compare it with his conclusions.  See Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004) (holding that a particular format or language is not required, instead the ALJ must only provide a "sufficient development of the record and explanation of findings to permit meaningful review").  The ALJ's explanation of the individual severe impairments and their respective listings at step three was both satisfactory and supported by sufficient evidence.

The Court disagrees with Plaintiff's argument that he should have been found per se disabled under 1.02 Major dysfunction of a joint(s) (due to any cause) for his knee impairments. For instance, under 1.02 Plaintiff would have to be unable to ambulate effectively.  "Ineffective ambulation is defined generally as having insufficient lower extremity functioning [] to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities."  20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00(B)(2)(b)(1). "[E]xamples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail."  20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00(B)(2)(b)(2).  Even "if [a plaintiff] who uses [only] one cane or one crutch is otherwise unable to effectively ambulate, the impairment(s) might still meet or equal a listing."  Revised Criteria for Determination of Disability, Musculoskeletal System and Related Criteria, 66 Fed. Reg. 58010, 58013 (Nov. 19, 2001).  Although the evidence does demonstrate that Plaintiff had difficulty ambulating, it does not establish that he was unable to do so, as required to satisfy listing 1.02.[1]

---

[1]Listing 1.03 also requires the inability to ambulate effectively as defined in 1.00(B)(2)(b).

Finally, under step three, the Court agrees with Plaintiff that the ALJ did not discuss the combination of Plaintiff's medical conditions and whether they would meet or equal a listing when considered in combination.  Although this Court agrees with the ALJ as to listing 1.02, that does not imply that this Court finds the combination of Plaintiff's impairments would result in a finding of non-disability.

> [T]he ALJ's comparison of medical evidence to the listing of impairments should not have ended there, and the ALJ erred by not adequately considering the cumulative effect of [Plaintiff's] impairments. As the regulations explain, multiple impairments must be considered in combination:
>> If you have more than one impairment, and none of them meets or equals a listed impairment, we will review the symptoms, signs, and laboratory findings about your impairments to determine whether the combination of your impairments is medically equal to any listed impairment.
> 20 C.F.R. § 404.1526(a). See also 20 C.F.R. § 404.1523 (explaining that in assessing eligibility for benefits, the Commissioner "will consider the combined effect of all . . . impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity").

Cadillac v. Barnhart, 84 Fed. Appx. 163, 168 (3d Cir. 2003).

This Court cannot evaluate the ALJ's findings on this issue because he did not consider the combination of impairments.  The district court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder."  Williams, 970 F.2d at 1182.  "The ALJ must, therefore, consider the claimant's impairments combined.  20 C.F.R. § 404.1523." Williams v. Barnhart, 87 Fed. Appx. 240, 242-43 (3d Cir. 2004).  His failure to properly consider Plaintiff's impairments in combination constitutes error and requires a remand for further analysis.

Under the fourth step, a plaintiff will be found "not disabled" if he can still perform work he did in the past, despite a severe impairment, in light of his residual functional capacity.  20 C.F.R. § 404.1520(e).  In this matter, it is undisputed the Plaintiff is unable to perform his past relevant work as a Hi-lo operator and warehouse laborer.

In the fifth and final step, the Commissioner must establish that, despite the plaintiff's impairments, he is still able to perform other jobs in the national economy in light of his age, education and work experience, in order for him to be found not disabled.  See Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986); see also 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f)(1). When a plaintiff has both exertional and non-exertional limitations, the ALJ must use the grids to determine if, based on the physical criteria alone, they mandate a finding of disability.  20 C.F.R. § 404.1569(a)(d).  Otherwise, the grids provide only a framework to guide the ALJ's decision. Id.

Here, Plaintiff also challenges the ALJ's findings at step five.  Plaintiff argues that the ALJ's residual function capacity assessment of sedentary is conclusory and not supported by the medical evidence.  He contends it was error for the ALJ to substitute his lay opinion for that of an expert and that expert testimony should have been solicited in light of Plaintiff's non-exertional limitations, i.e., difficulty sleeping, his knees giving out on him, his inability to drive, his inability to shower by himself without the use of a chair, the need for assistance in dressing, and his limp favoring his left side both with and without the use of a cane.  The Court agrees that the ALJ's assessment of his non-exertional limitations was conclusory.  Without addressing Plaintiff's alleged non-exertional limitations, the ALJ stated "The claimant has not had any significant non-exertional limitations."  (R. 20).  Therefore, even if the ALJ's determination at step three was proper, this Court would reverse because the ALJ erred failing to analyze the Plaintiff's non-exertional limitations.  See Cadillac, 84 Fed. Appx. at 168.  On remand, the ALJ should consider the need to obtain expert testimony in light of Plaintiff's alleged non-exertional limitations.

In conclusion, the ALJ's failure as step three to properly consider Plaintiff's severe impairments in combination constitutes error and requires a remand for further analysis.  In addition, the ALJ's failure at step five to analyze and discuss Plaintiff's non-exertional limitations is error and requires a remand.  As a result, it is therefore necessary to reverse the Commissioner's denial of benefits, and remand the matter for further proceedings in accordance with this Opinion.

## **CONCLUSION**

For the reasons set forth above, it is on this 6th day of September, 2006,

**ORDERED** that Plaintiff's appeal to this Court to reverse the Commissioner's decision or to remand the claim to the Commissioner is **GRANTED**; and it is further

**ORDERED** that the decision by the Commissioner is **REVERSED** and **REMANDED**; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** the Court's file on this matter.


DATED: September 6, 2006                      /s/ Jose L. Linares_____
                                              JOSE L. LINARES,
                                              UNITED STATES DISTRICT JUDGE